LOUISE HAMILTON, ISABEL BROWN, BLANCHE ORSINI, KATHLEEN MURO, BONNIE B. FALINE, FLORENCE DAWN FALINE, by her guardian, ad litem, LOUISE HAMILTON, MILTON FALINE, WALTER EUGENE FALINE,

Plaintiffs,

*vs.*

ALBERT J. FALINE,
Defendant.

*New Castle, January 31, 1958.*

*Howard M. Berg* and *Donald C. Taylor,* Wilmington, for plaintiffs.

*Wilfred J. Smith, Jr.,* Wilmington, for defendant.

SEITZ, Chancellor: The complaint contains two causes of action attacking defendant's interest in certain real estate. Only the second cause of action is involved in this decision.

The second cause of action is brought by all the plaintiffs who seek thereby to upset a testamentary provision giving the defendant a vested remainder in the real estate in question. Defendant has in effect moved to dismiss the substance of the second cause on the ground that this court lacks jurisdiction to deal with the subject matter thereof. Defendant also moves to dismiss the second cause of action as to certain of the plaintiffs on the ground that the complaint fails to state a claim in their favor. This is the decision on defendant's motions. I summarize the pertinent allegations.

Plaintiffs are brothers and sisters of the defendant. They are all children of the decedent, Florence H. Faline ("decedent"), who acquired the real estate in dispute about February 7, 1951. On August 19, 1952, the decedent executed her last will which, inter alia, appointed the defendant as executor. By Item Fifth the decedent devised the real estate here in dispute in trust to the defendant to operate the property as a going business so long as he deemed best (plus other powers) and authorized him to expend the net income for the benefit of her son, Milton, during his lifetime and upon his death to pay over

the trust estate to himself absolutely. In the event the defendant pre-deceased Milton, at the termination of the trust, the assets were to be transferred to the daughter, Isabel.

It is agreed for purposes of disposing of the pending motions that at her death on July 23, 1954, the real estate in question was part of the decedent's estate. I say this because in fact there had been an inter vivos transfer of the property to defendant which is also neces-sarily attacked.

Plaintiffs allege that Item Fifth of the will was written by the decedent as a direct result of defendant's undue influence in that "De-fendant attempted by false statements and slanderous representations to persuade his mother that he was the only one of her children who would care for Milton Faline and that she should therefore convey [devise] the real property in question to Defendant". It is alleged that defendant knew the representations were false when made and were made to secure control of the real property. Further, since the death of the husband of the decedent, defendant has occupied a posi-tion of trust and confidence with respect to his mother and has used his position to exert undue influence over her. No issue of the suffi-ciency of the pleadings alleging fraud and undue influence by de-fendant against the decedent is raised.

The plaintiffs further allege that they had no knowledge of the contents of paragraph Fifth of the will at the time of probate and were led by the fraudulent actions and words of the defendant to believe that the property was held for the benefit of Milton during his lifetime. It is alleged that it was after the administration of the estate of the decedent had been completed and after the expiration of the time for filing any petition with the Register of Wills or any appeal that the plaintiffs obtained knowledge that defendant held the land as his own property.

Plaintiffs request that the probate decree be set aside. This court clearly has no such jurisdiction. Plaintiffs also request that the property be conveyed to all the children as tenants in common. Since plaintiffs do not allege any fraud practiced on the decedent by Milton and Isabel (who are also plaintiffs), it is clear that the portions of

Item Fifth which benefit them cannot be set aside. Consequently, the second cause of action raises only the question as to whether the defendant's remainder interest is to be made available to all the children by an appropriate equitable remedy.

Defendant's motions have posed two issues:

(1) Do the plaintiffs other than Milton Faline and Isabel Brown have standing to maintain the second cause of action since only those two were named in Item Fifth of the will?

(2) Under the allegations of the second cause does this court have jurisdiction to relieve plaintiffs from the effect of the decree of the Register of Wills which allowed the will to be probated?

I first consider whether all the plaintiffs have standing to maintain the second cause of action.

The plaintiffs are children of the decedent. Thus, either as residuary devisees or as intestate heirs they may benefit ultimately from a decree striking down defendant's remainder interest under Item Fifth. See *Restatement of Restitution,* § 184, *Comment* (a); *Story's, Commentaries on Equity Pleadings,* (3rd ed., 1884), § 789; *Compare Equitable Trust Co. v. Delaware Trust Co.,* 30 *Del.Ch.* 348, 61 *A.2d* 529. I say they "may" benefit because only Isabel will take the remainder if the defendant predeceases Milton. Thus, if the validity of Item Fifth of the will may now be drawn in question, it is clear that the plaintiffs have sufficient interest in the outcome of a suit thereon to entitle them to be heard. Defendant's motion to strike certain of the plaintiffs in the second cause of action will be denied.

But the defendant contends that this court cannot inquire into the matter of fraud practiced by defendant upon the decedent in procuring the execution of the will unless it is also shown that the plaintiffs were precluded from contesting the probate of the will by reason of defendant's fraud practiced *directly* upon them. Defendant argues that absent such a showing, the taking of jurisdiction by this court would amount to a collateral attack upon the decree of the Register admitting the will to probate, although only intrinsic fraud was in-

volved. In the subsequent discussion I shall assume that the probate "covered" the devise of real estate here involved.

The jurisdiction of equity to afford relief under certain conditions from orders and decrees in probate proceedings is well recognized and is not considered to constitute a collateral attack upon the probate of the will. It is thoroughly considered by the Supreme Court of California in *Caldwell v. Taylor*, 218 *Cal.* 471, 23 *P.2d* 758, 88 *A.L.R.* 1194. The court there stated that in order to invoke equitable jurisdiction to relieve against a decree allowing probate of a will there must be two frauds proved. It must be shown that fraud or undue influence was practiced on the testator and a distinct fraud was practiced directly upon the party seeking relief which precluded him from contesting the probate in time. It is not necessary to decide whether the second fraud must always be shown before equity will grant relief. Compare *Purinton v. Dyson*, 8 *Cal.2d* 322, 65 *P.2d* 777, 113 *A.L.R.* 1230. I say this because plaintiffs tacitly concede that they must meet this requirement. They rely upon certain actions by defendant as constituting a fraud practiced directly upon them. I now consider whether the allegations are sufficient to show a fraud practiced directly upon plaintiffs.

Paragraphs 17 and 18, which follow, are the only allegations dealing with the fraud allegedly practiced by defendant upon plaintiffs:

"17. The plaintiffs had no knowledge of true contents of paragraph 'Fifth' of the will at the time of probate or that the property had been previously conveyed to the Defendant and were led by the fraudulent actions and words of the Defendant to believe that the property was held for the benefit of Milton Faline, during his lifetime.

"18. After the Estate of the said Florence H. Faline had been completed and the time for any petition to the Register of Wills or any appeal had elapsed and only within the past year, the Plaintiffs obtained knowledge that the defendant held the said land as his own property."

Plaintiffs say they had no knowledge of the contents of the will at the time of probate. But they do not say that defendant was re-

sponsible for this ignorance. Nor do they rely on any possible fiduciary duty owed to plaintiffs by defendant as executor. Compare *Crow v. Madsen, Cal.App.* 111 *P.2d* 7. They say that defendant's fraudulent actions and words led them to believe that the property was held for the benefit of Milton during his lifetime. But under Item Fifth of the will the property was to be so held. This statement without more was no fraud. Plaintiffs do not say that defendant led them to believe that they had a future interest in the property.

Plaintiffs tacitly admit that they knew a will was probated at defendant's behest. They do not show with any particularity in their pleadings that defendant's actions or words caused them not to contest the probate.

I conclude that, although Chancery Rule 9(b), *Del.C.Ann.,* required them to plead the circumstances constituting the fraud with particularity, the plaintiffs have not done so. Since plaintiffs have not alleged matter which would give this court jurisdiction, it follows that defendant's motion to discuss the identified matter in the second cause of action must be granted with leave to amend within ten days from the date of the order hereon.

Present order on notice.